# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| TIMOTHY SMITH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.  4:10-cv-02790-KOB-SGC |
| | ) | |
| LUKIMA, Officer, et al., | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OPINION

On August 20, 2014, the magistrate judge filed a report and recommendation recommending that the court dismiss this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff Timothy Smith's failure to prosecute. (Doc. 48). The magistrate judge gave the parties fourteen days to file written objections. (*Id.*).

On or about August 25, 2014, Plaintiff filed a letter with the court. (Doc. 49). In that letter, Plaintiff referenced the Order entered by the magistrate judge on July 31, 2014 setting a telephone conference for August 18, 2014. Plaintiff stated that he received that Order approximately one week prior to the scheduled telephone conference, and that he attempted to participate in the telephone conference but was unable to do so because of technical difficulties. Also in his letter, Plaintiff provided

1

his cell phone number.  Plaintiff otherwise has not filed any objections to the magistrate judge's report and recommendation, and the time for filing any such objections has passed.

To the extent that the court construes Plaintiff's August 25th letter as stating objections to the magistrate judge's report and recommendation, those objections are due to be overruled.  First, although Plaintiff alleges an excuse for failing to participate in the August 18th telephone conference, Plaintiff offers no explanation for why he failed to appear at the conference set by the magistrate judge for July 30, 2014 despite the magistrate judge's warning that his failure to appear could result in dismissal of his claims.[1]  Plaintiff's failure to appear at that conference formed part of the basis for the magistrate judge's recommendation that the court dismiss this action for Plaintiff's failure to prosecute.

Second, while Plaintiff's August 25th letter provided a cell phone number where he could be reached, Plaintiff did not explain why he failed to provide that number to the court prior to the August 18th telephone conference, as the magistrate judge instructed him to do on July 31, 2014.  (*See* Doc. 47).  That failure is another example of Plaintiff's refusal to comply with orders issued by the magistrate judge.

---

[1]The court also notes that Plaintiff indicated in a letter deemed filed July 28, 2014 that he would be checking the mail every day for orders entered in this action.  (Doc. 46).

2

"The decision to dismiss for want of prosecution lies within the trial court's discretion . . . ." *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980).[2] "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962).

The record supports the conclusion that Plaintiff has deliberately disregarded the magistrate judge's orders requiring him to appear or otherwise participate in conferences set for the purpose of preparing this case, commenced nearly four years ago, for trial. Because the trial of Plaintiff's claims is all that remains to be done, a sanction less severe than dismissal would not suffice. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"). At this stage of the litigation, another thin excuse for failing to attend or otherwise participate in a pre-trial conference offered after the fact cannot save Plaintiff's claims.[3]

---

[2]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3]By a letter deemed filed July 28, 2014, Plaintiff alleged that he failed to appear at a conference set for July 10, 2014 because he did not receive the order setting that conference. (Doc. 46). The court notes the order setting the July 10th conference was sent to the address provided by Plaintiff to which the magistrate judge's orders setting the July 30th and August 18th

Having carefully reviewed and considered *de novo* all materials in the court file, including the report and recommendation and the Plaintiff's letter of August 25, 2014, the court ADOPTS the magistrate judge's report and ACCEPTS her recommendation to dismiss this action for Plaintiff's failure to prosecute.  Further, to the extent that it construes Plaintiff's August 25, 2014 letter as objections to the report and recommendation, the court OVERRULES those objections.  Therefore the court finds that this action is due to be dismissed with prejudice.

The court will enter a separate Order in conformity with this opinion.

DONE and ORDERED this 9th day of September, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

---

conferences were sent, and which Plaintiff has confirmed on multiple occasions.  (*See* Docs. 40, 41 & 46).

4